# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0683V

| | |
|---|---|
| DOROTHY HARPER,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 30, 2024 |

*Renee Ja Gentry, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On January 12, 2021, Dorothy Harper filed a petition[2] for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleged that she suffered right shoulder/arm pain, including septic arthritis. Amended Petition at 1, 6. On April 14, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 45. Judgment entered on April 18, 2023. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner filed an Amended Petition on November 16, 2022. ECF No. 36

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 2, 2024, Petitioner filed a motion for leave to file out of time an attached application for attorney's fees and costs, requesting an award of $26,372.31 (representing $25,198.00 in fees, plus $1,174.31 in costs). Amended Motion for Leave to File Out of Time ("Amended Motion"), filed February 2, 2024, ECF No. 53.[4] Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses as all costs were incurred by counsel for Petitioner. ECF Nos. 53-1 at 3.[5]

Respondent reacted to the motion on February 9, 2023, opposing an award of attorney's fees and costs due to the late filing of Petitioner's request. Respondent's Response to Motion at 4, ECF No. 54.[6] He requests that I "exercise [my] discretion and determine a reasonable award for attorneys' fees and costs" if I determine that an award is appropriate. *Id.* Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[4] Two days earlier, on January 30, 2024, Petitioner filed the motion for leave to file out of time without the attached fees application ECF No. 51.

[5] Petitioner's statement is filed a second time at ECF No. 53-2 at 2.

[6] Respondent similarly opposed Petitioner's January 31, 2024 request. ECF No. 52.

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed no later than 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, Judgment was entered on April 18, 2023, making Petitioner's motion due on or before October 18, 2023. But Petitioner filed her motion on February 2, 2023 – *one hundred and seven days past the required deadline.* In her motion, Petitioner noted that the untimely filing of the fees application was due to an oversight by counsel who prepared the application in July 2023, while assisting Petitioner with payment of the compensation awarded and concerns regarding HUD Housing requirements, but failed to properly file the fees motion. Motion at 1.

This is cause *by itself* to deny Petitioner's request for fees and costs in its entirety. But I will nevertheless award 50 percent of the attorney's fees and costs in this matter.[7] However, counsel should not expect the same leniency for future fees requests. Any future requests for fees and costs that are untimely filed, or requests for extensions that *themselves* are untimely, will be denied, or at least result in a curtailed award.

## ATTORNEY FEES AND COSTS

Regarding the amount of attorney's fees and costs sought, I find no reason for any further reduction. And Respondent offered no specific objections to the rates and amounts sought.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 53-

---

[7] I awarded a similarly reduced amount of attorney's fees and costs in a case involving an attorney new to the Vaccine Program who provided no reason for the late nature of the fees motion. *Dickhardt v. Sec'y of Health & Hum. Servs.,* No. 20-0843V, 2024 WL 4039723 (Fed Cl. Spec. Mstr. July 30, 2024).

1 at 4-16. I also note that the amount of hours expended were reasonably incurred. *Id.* And Petitioner has provided supporting documentation for all claimed costs. *Id.* at 17-41.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, I hereby GRANT Petitioner's motion for leave to file out of time and GRANT in part her motion for attorney's fees and costs. I award a total of $13,186.16 (representing $12,599.00 in fees plus $587.16 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Renee Ja Gentry.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.